UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2802-TLN-KJN PS<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

　　　　Plaintiff James C. Maxey, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed *in forma pauperis*.

　　　　The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327.
4  　　　In order to avoid dismissal for failure to state a claim a complaint must contain more than
5  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
9  upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
12 at 1949. When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the factual allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
14 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
15 Rhodes, 416 U.S. 232, 236 (1974).
16 　　　In this action, plaintiff alleges claims against a variety of federal and state officials based
17 on allegations of, *inter alia*, psychological warfare; surveillance by virtue of satellite technology
18 surgically inserted into plaintiff's brain, eyes, and other body parts; and other "Nazi type"
19 experiments. Like the other *over 140 actions* that plaintiff filed in this District over the past year,
20 the instant complaint is vague, conclusory, rambling, incoherent, and appears to be delusional.
21 See Maxey v. United States of America, 2:14-cv-900 JAM EFB PS, Findings and
22 Recommendations filed April 29, 2014 (ECF No. 4), adopted on July 24, 2014 (ECF No. 6);
23 Maxey v. Obama, 2:14-cv-2577-GEB-CKD PS, Findings and Recommendations filed November
24 6, 2014 (ECF No. 3), adopted on December 3, 2014 (ECF No. 6). Plaintiff's claims are utterly
25 frivolous and amendment would be futile. Indeed, the court notes that plaintiff was previously
26 admonished that he may be declared a vexatious litigant if he continues his practice of filing
27 frivolous complaints and pleadings. See Maxey v. United States of America, 2:14-cv-900 JAM
28 EFB PS, Findings and Recommendations filed April 29, 2014 (ECF No. 4), adopted on July 24,

2014 (ECF No. 6). As such, no further judicial resources should be expended in adjudicating plaintiff's clearly meritless claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted; and

IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: December 9, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE